UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KENNETH D. WILLIAMS, JR.,
   Petitioner,

vs.                                        Case No.: 1:23cv233/MW/ZCB

RICKY D. DIXON,
   Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Kenneth Williams, has filed a second amended habeas corpus petition under 28 U.S.C. § 2254. (Doc. 10). Respondent has moved to dismiss, arguing that the petition was untimely filed. (Doc. 18). Petitioner has opposed dismissal and requests an evidentiary hearing. (Docs. 21, 28). For the reasons below, Respondent's motion to dismiss should be granted.[1]

---

[1] This matter can be resolved based on the pleadings and attachments without an evidentiary hearing. Rule 8(a), Rules Governing Section 2254 Cases.

## I.  Background

On June 5, 2007, Petitioner began serving a five-year term of probation for home invasion robbery. (Docs. 19-5, 19-8 at 2).[2] On September 11, 2010, he was charged with violating his probation by using marijuana and changing his residence without his probation officer's consent. (Doc. 19-8). Petitioner admitted the violations, and on December 17, 2010, he was sentenced to twenty years' imprisonment with jail credit of 652 days and credit for time previously served in the Department of Corrections. (Docs. 19-9, 19-10, 19-11). Petitioner filed a notice of appeal. (Doc. 19-12). The Florida First District Court of Appeal (First DCA) dismissed the appeal as untimely. The First DCA also denied Petitioner's subsequent petition for a belated direct appeal. (Doc. 19-17; Docs. 19-27 through 19-29).

Petitioner then filed several state applications for postconviction relief. (Docs. 19-13 through 19-14, 19-18 through 19-26, 19-30 through

---

[2] Petitioner's probationary sentence was part of a split sentence imposed by the Alachua County Circuit Court on August 5, 2003. (Doc. 19-5). On that date, the state court sentenced Petitioner to six years in prison followed by five years of probation for home invasion robbery, and a concurrent term of five years in prison for attempted false imprisonment. (*Id.*). Petitioner completed his prison sentences and began serving his term of probation on June 5, 2007. (*See* Doc. 19-8 at 2).

19-40). All of those motions were unsuccessful, except for Petitioner's motion to award jail credit under Florida Rule of Criminal Procedure 3.801. (Doc. 19-30 at 87-89). The trial court granted that motion. And on February 25, 2016, the trial court amended the sentence, *nunc pro tunc* to the date of the original sentence, to reflect a total of 1,389 days of credit for time served and to correct a scrivener's error on the Special Provisions page of the sentence. (*Id.* at 120-23). Petitioner then filed the current 28 U.S.C. § 2254 habeas corpus case on August 31, 2023. (Doc. 1 at 1).

## II.   Discussion

An inmate in state custody has one year to file a § 2254 habeas petition. *See* 28 U.S.C. § 2244(d)(1). The one year clock starts running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The parties do not dispute that the date of the final judgment (i.e., § 2244(d)(1)(A)) started the one-year clock in this case. The Court will first explain what that date is. The Court will then explain why the state court's correction of Petitioner's sentence did not restart the limitations period. And lastly, the Court will explain that Petitioner filed his § 2254 petition after the one-year limitations period expired.

### A. The trigger for the federal limitations period is January 18, 2011—the date his judgment became final.

Under § 2244(d)(1)(A), the trigger for the federal limitations period is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In Florida, defendants are required to commence direct appeals within thirty days of the judgment and sentence. Fla. R. App. P. 9.140(b)(3).

Petitioner's judgment and sentence were rendered on December 17, 2010. (Doc. 19-11). That meant Petitioner had thirty days from that

4

date—i.e., until January 18, 2011—to file a direct appeal.³ Petitioner did not file a direct appeal by that date.⁴ When a petitioner "fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant state court expires." *Phillips v. Warden*, 908 F.3d 667, 671 (11th Cir. 2018); *Cooke v. Sec'y, Dep't of Corr.*, No. 19-10440A, 2019 WL 3562640, at *1 (11th Cir. June 21, 2019) (single judge order) (explaining that because the petitioner did not directly appeal his convictions, they "became final when the 30-day period in Florida for [filing a direct appeal] ended"). Thus, in this case Petitioner's judgment became final on January 18, 2011—the date when the time for seeking direct review in the Florida appellate courts expired.

---

³ The thirtieth day fell on a Sunday, and the next day was a legal holiday, so Petitioner's thirty-day window closed on Tuesday, January 18, 2011. *See* Fla. R. App. P. 9.420(e); Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1)(C).

⁴ Petitioner filed his notice of appeal two days late, on January 20. 2011, and for that reason, the First DCA dismissed it as untimely. (Docs. 19-12, 19-17). Petitioner later filed a petition for belated direct appeal, but the First DCA denied that petition. (Docs. 19-27 through 19-29).

## B. The state court's correction of Petitioner's sentence on February 25, 2016, did not restart the one-year clock.

The state trial court amended Petitioner's sentence on February 25, 2016. That raises the question of whether the amended sentence created a new judgment for purposes of § 2244. As previously discussed, the amended sentence corrected Petitioner's jail credit (it awarded more jail credit than the original sentence) and corrected a clerical error. The state court issued its changes *nunc pro tunc* to the date of the original judgment and sentence. The state court's *nunc pro tunc* designation relates back to Petitioner's original judgment and, therefore, the federal clock for the one-year limitations period did not reset. *Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1341-42 (11th Cir. 2024) (holding that state court's designation of amended sentence as *nunc pro tunc* related back to the date of the initial judgment and was not a new judgment for purposes of § 2244(d)); *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1267 (11th Cir. 2020) (same).[5]

---

[5] *See also Miller v. Sec'y, Dep't of Corr.*, No. 21-10233, 2022 WL 29924, at *2-3 (11th Cir. Jan. 4, 2022) (explaining that an amended judgment awarding additional jail credit was not a new judgment for purposes of § 2244); *Goodloe v. Sec'y, Dep't Corr.*, 823 F. App'x 801, 803 (11th Cir. 2020) (explaining that order awarding additional jail credit was not a new judgment because the 2015 jail credit order did not vacate petitioner's

## C. Petitioner filed his 28 U.S.C. § 2254 petition after the one-year limitations period had expired.

Having determined that Petitioner's judgment became final on January 18, 2011, the one-year limitations clock started running the next day, on January 19, 2011. *See* Fed. R. Civ. P. 6(a) (stating that when computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period"). The clock ran for 142 days before pausing on June 10, 2011, when Petitioner filed a tolling motion (i.e., his second Rule 3.850 motion). (Doc. 19-18); 28 U.S.C. § 2244(d)(2) (tolling the time period during the pendency of a properly filed state court motion for postconviction relief or other collateral review).[6] The trial court denied the Rule 3.850 motion on

---

sentence and replace it with a new one, but merely corrected the original sentence by addressing a clerical error); *Jones v. Sec'y, Dep't of Corr.*, 770 F. App'x 1019, 1020-21 (11th Cir. 2019) (explaining that award of additional jail credit did not create a new judgment because the trial court never entered a new judgment or order that authorized confinement after it granted petitioner's Rule 3.801 motion); *Durning v. Dixon*, No. 3:23cv7472/LC/MJF, 2024 WL 666669, at *3-5 (N.D. Fla. Jan. 16, 2024), *adopted by* 2024 WL 665192 (N.D. Fla. Feb. 16, 2024) (explaining that amended order of judgment and sentence correcting petitioner's jail credit did not create a new judgment for purposes of § 2244).

[6] Petitioner's first Rule 3.850 motion, filed on February 4, 2011, did not qualify for tolling under § 2244(d)(2). (Doc. 19-13). That is because it was dismissed for lack of jurisdiction (Doc. 19-14) and, therefore, was not

June 20, 2011. (Doc. 19-19). Petitioner did not appeal, and his thirty-day window for doing so closed on July 20, 2011. Fla. R. App. P. 9.141(b)(2); Fla. R. App. P. 9.110(b). The federal clock began running again the next day on July 21, 2011.

The limitations clock then ran for 147 days until it paused again on December 15, 2011, when Petitioner filed his third Rule 3.850 motion. (Doc. 19-20). The trial court denied that motion, and the First DCA affirmed. (Docs. 19-21, 19-22). The federal clock began running again on May 31, 2012, which was the day after the First DCA's mandate issued. (Doc. 19-22 at 5); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that the limitations clock begins to run again upon the appellate court's issuance of the mandate denying a state postconviction motion).

The federal clock then ran for 76 days until the time ran out on August 15, 2012 (142 days + 147 days + 76 = 365 days). Petitioner did

---

"properly filed" within the meaning of § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (holding that a state postconviction application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . ." and explaining that an application is not properly filed if court lacks jurisdiction) (cleaned up); *see also Kemp v. McNeil*, No. 5:08cv282, 2009 WL 4730542, at *2 (N.D. Fla. Dec. 2009) ("Because the [state postconviction] motion was dismissed for lack of jurisdiction, it was not 'properly filed,' and tolling did not occur with its filing.").

not file his § 2254 petition on or before August 15, 2012. And none of his state motions for postconviction relief filed after that date qualified for statutory tolling under § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Petitioner did not file the § 2254 petition in this case until August 31, 2023—over eleven years after it should have been filed. (Doc 1 at 1). For that reason, his habeas petition should be dismissed as untimely.[7]

### III. Conclusion

For the reasons above, Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus should be dismissed as untimely.

### IV. Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

---

[7] Petitioner has not argued that any exception to the time bar applies.

§ 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

10

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 18) be **GRANTED**.

2. The second amended 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 10) be **DISMISSED with prejudice** as untimely.

3. Petitioner's motion for evidentiary hearing (Doc. 21) be **DENIED**.

4. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of December 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.